IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALDEZ BLACKMON,<br><br>    Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION DIVISION OF ADULT PAROLE OPERATION, REGION 2; J. LARSON; JAMES SCAVER; RAY POLIAKOFF;<br><br>    Defendants. | No. C 12-0961 JSW (PR)<br><br>**ORDER OF DISMISSAL; DENYING MOTION FOR APPOINTMENT OF COUNSEL; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>(Docket Nos. 2, 3) |

## INTRODUCTION

Plaintiff, a former parolee of the State of California, filed this pro se civil rights complaint under 42 U.S.C. § 1983 against parole officials. He is granted leave to proceed *in forma pauperis*. For the reasons discussed below, the complaint is dismissed without prejudice.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## LEGAL CLAIMS

Plaintiff alleges that Defendants revoked his parole for a minor violation, and that this caused him to return to prison where he suffered "serious psychological pain." He seeks one million dollars in damages.

The United States Supreme Court has held that to recover damages for an allegedly unconstitutional conviction or imprisonment, a section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 114 S. Ct. 2364, 2372 (1994). A claim for damages arising from a conviction or sentence that has not been so invalidated is not cognizable under section 1983. *Id.*

Plaintiff seeks money damages for actions by Defendants that led to his confinement in prison on a parole violation. When a state prisoner seeks damages in a section 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his confinement; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Heck*, 512 U.S. at 487. It is clear from the

complaint that the revocation of Plaintiff's parole, and his consequent confinement, have not been invalidated. Therefore, he fails to state a cognizable claim under Section 1983, and his complaint must be dismissed. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (claims barred by *Heck* may be dismissed sua sponte without prejudice).

## CONCLUSION

For the reasons set out above, this action is DISMISSED without prejudice. In light of this ruling, Plaintiff's motion for appointment of counsel (docket number 3) is DENIED. Plaintiff's application for leave to proceed in forma pauperis (docket number 2) is GRANTED.

The Clerk shall close the file and enter judgment.

IT IS SO ORDERED.

DATED: April 24, 2012

JEFFREY S. WHITE
United States District Judge

|   |   |   |
|---|---|---|
| 1 | UNITED STATES DISTRICT COURT | |
| 2 | FOR THE | |
| 3 | NORTHERN DISTRICT OF CALIFORNIA | |

VALDEZ BLACKMON,

        Plaintiff,

  v.

CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION et al,

        Defendant.

Case Number: CV12-00961 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 24, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Valdez Blackmon
P.O. Box 213
Palo Alto, CA 94301

Dated: April 24, 2012

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk